UNITED STATES of America, Appellee,

v.

**Daniel Lee WATSON, Appellant.**

**No. 92–3844.**

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 18, 1993.

Decided Aug. 23, 1993.

734

Daniel Lee Watson, pro se.

Matthew W. Fleming, Asst. U.S. Atty., Fort Smith, AR, for appellee.

Before FAGG, BOWMAN and LOKEN, Circuit Judges.

PER CURIAM.

Daniel Lee Watson appeals his conviction on nineteen counts of aiding and assisting the preparation of false income tax returns. We affirm.

A grand jury returned a twenty-count indictment against Watson, a certified public accountant, charging him with willfully aiding, assisting, and advising in the preparation of United States Individual Income Tax Returns, Forms 1040, and in the presentation of such forms to the Internal Revenue Service, knowing that the forms were false and fraud-

ulent as to material matters, in violation of 26 U.S.C. § 7206(2) (1988).

Prior to trial, the District Court[1] dismissed count twenty of the indictment and the remainder of the charges were tried to a jury which found Watson guilty on all counts. The court sentenced Watson to 51 months in prison. On appeal, Watson argues the District Court erred by (1) denying his numerous motions to dismiss the indictment for lack of jurisdiction; (2) refusing to allow him to exercise his Sixth Amendment right to self-representation; and (3) placing him in custody for the purpose of a mental examination. Watson also contends that he was denied his due process right to an impartial judge because, during the criminal proceedings, he sued Judge Waters in state court.

■ Watson's challenge to the District Court's jurisdiction is meritless. As the District Court correctly observed, the government charged Watson with violating 26 U.S.C. § 7206(2), a law of the United States, and 18 U.S.C. § 3231 (1988) provides district courts with original jurisdiction of all violations of federal law. *See United States v. Drefke,* 707 F.2d 978, 980–81 (8th Cir.) (per curiam), *cert. denied,* 464 U.S. 942, 104 S.Ct. 359, 78 L.Ed.2d 321 (1983). Watson also maintains that he is not a citizen of the United States because he has never lived or worked in the District of Columbia or the territories of the United States. Instead, Watson claims to be a free citizen of the State of Oklahoma. We recently rejected a similar argument in the civil context in *United States v. Gerads,* 999 F.2d 1255, 1256–57 (8th Cir.1993) (per curiam). *See also United States v. Schmitt,* 784 F.2d 880, 882 (8th Cir.1986).

■ Watson's Sixth Amendment claim is equally meritless. Under *Faretta v. California,* 422 U.S. 806, 834, 95 S.Ct. 2525, 2540–41, 45 L.Ed.2d 562 (1975), a criminal defendant has a constitutional right to represent himself. "To forego the assistance of an attorney [and exercise the right to self-representation], the accused must make a voluntary, knowing, and intelligent waiver of his right to counsel." *Berry v. Lockhart,* 873

---

1. The Honorable H. Franklin Waters, United States District Judge for the Western District of

Arkansas.

F.2d 1168, 1170 (8th Cir.1989). Here, the District Court initially determined that Watson understood the nature of the charges against him and had validly waived his right to counsel. As the case progressed, however, the court became convinced by the numerous documents Watson filed that he did not understand the charges and could not represent himself competently. Having reached that conclusion, the District Court did not abuse its discretion in appointing counsel to represent Watson at government expense.

Watson also contends that the District Court violated his rights by "incarcerating" him for a mental competency examination. This claim lacks merit as well. The District Court ordered the competency examination pursuant to defense counsel's motion and 18 U.S.C. § 4241 (1988), which provides for such examinations, after Watson refused to assist counsel and failed to appear for trial. Finally, we reject Watson's argument that, because Judge Waters continued to preside in this case after Watson sued him in state court, Watson was denied his due process right to an impartial judge. "A judge is not disqualified by a litigant's suit or threatened suit against him." *United States v. Studley*, 783 F.2d 934, 940 (9th Cir.1986); *see Griffith v. Edwards*, 493 F.2d 495, 496 (8th Cir.) (per curiam), *cert. denied*, 419 U.S. 861, 95 S.Ct. 113, 42 L.Ed.2d 97 (1974).

Accordingly, we affirm.