110 F.3d 64
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas L. ROBINSON, Plaintiff-Appellant,
v.
Phil G. GIAVASIS; Nancy Reinbold, Defendants-Appellees.
 No. 96-3910.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1997.
 
 Before: KEITH, NELSON, and MOORE, Circuit Judges.
 
 ORDER
 
 1
 Thomas L. Robinson, proceeding pro se, appeals a district court order denying his application to proceed in forma pauperis in that court. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In support of his application, Robinson alleged that the defendants, two state court officials, "knowingly" violated his rights under the First and Fourth Amendments. The district court denied Robinson's application to proceed in forma pauperis based on a prior district court order directing the district court to examine the merits of all Robinson's future lawsuits, as well as examining Robinson's financial status. See Robinson v. Bernabei, No. 5:91CV556 (N.D.Ohio April 30, 1991) (unpublished), appeal dismissed, No. 91-3422 (6th Cir. August 5, 1991) (unpublished).
 
 
 3
 On appeal, Robinson argues that a district court judge in the Northern District of Ohio, who dismissed a previous civil rights suit, was biased, and that the judge who denied his application for pauper status in this current action exaggerated Robinson's previous history of litigation in the federal courts.
 
 
 4
 The district court judge's denial of a motion to proceed in forma pauperis is an appealable order, reviewable by this court. Roberts v. United States Dist. Court, 339 U.S. 844, 845 (1950) (per curiam). The district court fulfilled its obligation of stating the reasons for denying Robinson's application, see Phipps v. King, 866 F.2d 824, 825 (6th Cir.1988), and the denial was proper. This circuit has approved the practice of a district court requiring prolific litigators to obtain leave of court before any further complaints will be accepted for filing in forma pauperis. See Filipas v. Lemons, 835 F.2d 1145, 1146 (6th Cir.1987) (order). See also Reneer v. Sewell, 975 F.2d 258, 260-61 (6th Cir.1992) (this court affirmed the denial of in forma pauperis status as to all future filings in district court).
 
 
 5
 Moreover, there is no merit to Robinson's accusations of bias on the part of the district court judges who have limited Robinson's filing of frivolous lawsuits. There was no reason for those judges to recuse themselves, because their judicial rulings are not a valid basis for a bias motion and Robinson has not shown that these judges displayed a "deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555 (1994). Moreover, a judge is not disqualified by a litigant's suit or threatened suit against him. United States v. Watson, 1 F.3d 733, 735 (8th Cir.1993) (per curiam).
 
 
 6
 Accordingly, the district court's order denying Robinson's application to proceed in forma pauperis is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.