United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 97-2099
_____

United States of America,           *
                                            *

          Appellee,         *
                                            *   Appeal from the United States
      v.                  *   District Court for the
                                            *   District of Minnesota.
Everett C. Gilbertson,         *
                                            *    [UNPUBLISHED]
          Appellant.       *

_____

Submitted: November 28, 1997
Filed: December 10, 1997
_____

Before WOLLMAN, LOKEN, and HANSEN, Circuit Judges.
_____

PER CURIAM.

After a jury trial, Everett C. Gilbertson was convicted of filing false tax returns in violation of 26 U.S.C. § 7206(1). The district court[1] sentenced him to 18 months in prison. Gilbertson appeals, and we affirm.

We reject as completely meritless Gilbertson's argument that the United States District Court lacked jurisdiction over his prosecution for tax crimes. See United States

_____

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

v. Watson, 1 F.3d 733, 734 (8th Cir. 1993) (per curiam) (in prosecution for fraudulent tax returns, district court had jurisdiction, because 18 U.S.C. § 3231 "provides district courts with original jurisdiction of all violations of federal law"; rejecting claim that "free citizen" of Oklahoma was not United States citizen); United States v. Gerads, 999 F.2d 1255, 1256 (8th Cir. 1993) (per curiam) (federal income tax is not voluntary; rejecting appellants' argument that "Free Citizens of the Republic of Minnesota" were not United States citizens subject to taxes), cert. denied, 510 U.S. 1193 (1994). Similarly meritless is Gilbertson's claim that the federal jury statute discriminates against Minnesota citizens like him who are not "federal citizens."

As Gilbertson's under-reporting of income for the years 1991 and 1992 was clearly prohibited by the statute under which he was convicted, we find no merit to his generalized argument regarding the vagueness of the Internal Revenue Code. See 26 U.S.C. § 7206(1); United States v. Kaylor, 877 F.2d 658, 661 (8th Cir.) (due process requirements), cert. denied, 493 U.S. 871 (1989). We further hold that Gilbertson has failed to show any extra-judicial source of bias to warrant the trial judge's recusal, and that the district court properly denied his motion for release pending appeal.

Because Gilbertson's arguments regarding freedom of information and civil removal statutes are unrelated to his criminal convictions, we do not address those issues in this criminal appeal.

Gilbertson's "Motion to Correct Transcript of Sentencing Hearing" is denied, and the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-