156 F.3d 1245
 98 CJ C.A.R. 4318
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Nick Alfred OWENS, Defendant-Appellant.
 No. 98-6081.
 United States Court of Appeals, Tenth Circuit.
 Aug. 13, 1998.
 
 Before SEYMOUR, Chief Judge, BRORBY and BRISCOE, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHANIE K. SEYMOUR, Chief Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 In his most recent effort to overturn his conviction for violating the federal drug laws, Nick Alfred Owens filed a pleading entitled "Motion to Strike All Pleadings by the United States." He contended that the district court had no jurisdiction over his original criminal proceedings. The district court dismissed the pleading in a minute order. Mr Owens appeals and we affirm.
 
 
 3
 Mr. Owens was convicted in 1994 for violating 21 U.S.C. § 846 and 18 U.S.C. § 922(g)(1). We affirmed his conviction on appeal, although we remanded for resentencing. United States v. Owens, 70 F.3d 1118 (10th Cir.1995). On May 15, 1997, Mr. Owens filed a pleading entitled "Motion for Judgment," which requested that his conviction and sentence be vacated for lack of jurisdiction. The district court denied the motion as being without legal foundation. We dismissed Mr. Owen's appeal as untimely. United States v. Owens, 134 F.3d 383 (10th Cir.1998). On February 2, 1998, Mr. Owens filed the current pleading again seeking vacation of his conviction and sentence for lack of jurisdiction.
 
 
 4
 The district courts of the United States have original jurisdiction over all violations of federal law. 18 U.S.C. § 3231. See also United States v. Watson, 1 F.3d 733, 734 (8th Cir.1993). We agree with the district court that Mr. Owen's claim to the contrary is entirely without legal or factual foundation.
 
 
 5
 While this appeal has been pending, Mr. Owens filed the following series of motions in this court:
 
 
 6
 1. Motion for Expedited Ruling, March 17, 1998.
 
 
 7
 2. Motion to Correct Jurisdictional Errors and Venue, March 27, 1998.
 
 
 8
 3. Motion for Judgment and Costs, April 6, 1998.
 
 
 9
 4. Motion for Judgment of Acquittal(sic) and Costs, April 27, 1998.
 
 
 10
 5. Motion to Dismiss, June 22, 1998.
 
 
 11
 Each of these motions asserts, among other things, that the district court lacked jurisdiction over Mr. Owens' original criminal case. We deny all of the motions in their entirety.
 
 
 12
 The judgment of the district court dismissing Mr. Owens' action is AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3