**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted October 2, 2008[*]
Decided October 7, 2008

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 07-3312

| | |
|---|---|
| KEVEN L. CARTER, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, Western Division. |
| *v.* | |
| | No. 04 C 50459 |
| RICHARD A. MEYERS, et al., | |
| *Defendants-Appellees.* | Frederick J. Kapala, *Judge*. |

**O R D E R**

In this lawsuit under 42 U.S.C. § 1983, Keven Carter claims that the sheriff of Winnebago County, Illinois, and two of the sheriff's employees failed to protect him from

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* FED. R. APP. P. 34(a)(2).

an assault by fellow inmates at the county jail.  The case initially was assigned to Judge Reinhard, but in May 2007, while the defendants' motion for summary judgment was under consideration, the case was reassigned to Judge Kapala.  On August 21, 2007, Judge Kapala entered an order granting the defendants' motion.  Almost four weeks later, Carter, by then in state prison, mailed to the district court a notice of appeal and a "Motion to Reconsider." We docketed the appeal, and the district court denied the motion.  Carter did not separately appeal the adverse ruling on his motion, which because of its timing is properly construed as a motion to vacate under Federal Rule of Civil Procedure 60(b).  *See Talano v. Northwestern Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001); *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994).  Our jurisdiction is thus limited to the judgment on the merits.

Carter does not contend that Judge Kapala committed error in analyzing the defendants' motion for summary judgment.  Instead of attacking the merits of that ruling, Carter argues that Judge Kapala should have recused himself because he presided over Carter's 1991 state trial and previously served as judge for the judicial circuit encompassing Winnebago County.  A motion for recusal asserting bias or prejudice must be filed as soon as the basis for disqualification is known.  *Tezak v. United States*, 256 F.3d 702, 717 n.15 (7th Cir. 2001); *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993).  Carter, however, failed to move for recusal or object to the reassignment until he filed his post-judgment "Motion to Reconsider."  And even assuming, as he claims, that he did not know of the reassignment until he saw Judge Kapala's name on the summary judgment ruling, Carter did not allege that he possesses evidence of actual bias or prejudice.  *See, e.g., Liteky v. United States*, 510 U.S. 540, 551 (1994) ("Also not subject to deprecatory characterization as 'bias' or 'prejudice' are opinions held by judges as a result of what they learned in earlier proceedings."); *In re Taylor*, 417 F.3d 649, 652 (7th Cir. 2005) ("There is no rule that requires a judge to recuse himself from a case, civil or criminal, simply because he was or is involved in litigation with one of the parties."); *Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 718 (7th Cir. 2004) ("The factual allegations must fairly support the charge of bias or impartiality and must be specific."); *Tezak*, 256 F.3d at 717 (explaining that passage of time undercut contention that judge was prejudiced on account of events from eight years earlier).  Accordingly, Carter's recusal argument is without merit.

AFFIRMED.