GLD-423                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3451
_____

IN RE:  EARL A. PONDEXTER,
                                                Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Civ. No. 2-13-cv-00732)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
September 12, 2013

Before: FUENTES, FISHER and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 18, 2013)
_____

OPINION
_____

PER CURIAM

Earl A. Pondexter, proceeding pro se and in forma pauperis, petitions for a writ of

mandamus which, liberally construed, seeks to compel District Judge Nora B. Fischer to

recuse herself from the underlying District Court case.  Pondexter's petition also argues

that the District Court wrongfully dismissed his complaint in the underlying action. See

W.D. Pa. 2:13-cv-00732.[1]

Mandamus is a drastic remedy available in only the most extraordinary

circumstances. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005).

While mandamus is available to review a District Court's refusal to recuse pursuant to 28

U.S.C. § 455(a), see Alexander v. Primerica Holdings, Inc., 10 F.3d 155, 163 (3d Cir.

1993), Pondexter's threat to name Judge Fischer as a defendant in his case does not

provide the basis for her recusal. See Azubuko v. Royal, 443 F.3d 302, 304 (3d Cir.

2006). To require disqualification every time a litigant files suit against a judge would

allow litigants to improperly "judge shop." See In re Taylor, 417 F.3d 649, 652 (7th Cir.

2005). As Pondexter has not shown any reason for Judge Fischer to recuse herself

pursuant to § 455(a), he is not entitled to mandamus relief on that ground.

To the extent that Pondexter seeks to argue that the District Court wrongfully

dismissed his complaint, Pondexter is separately seeking relief through the appellate

process and is therefore not entitled to mandamus relief. See In re Baldwin, 700 F.3d

122, 127 (3d Cir. 2012).

For the reasons above, the mandamus petition will be denied.

---

[1] In his complaint, Pondexter requested that the District Court reinstate a previous lawsuit where the District Court granted summary judgment against Pondexter, which this Court affirmed on appeal. See C.A. 12-3954. The District Court dismissed Pondexter's instant complaint and denied his motion for reconsideration. Pondexter has separately appealed from that ruling. See C.A. 13-3366.