## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

STRANGE, *et al*,

      Plaintiffs,

      v.

ISLAMIC REPUBLIC OF IRAN, *et al*,

      Defendant.

Civil Action No. 14-435 (CKK)

## MEMORANDUM OPINION
(April 8, 2014)

Presently before the Court is Plaintiffs' [3] Motion to Transfer Case Pursuant to Rule 57.13(a). Plaintiff moves the Court to transfer the above-captioned matter to another district judge "in light of the ongoing litigation between Plaintiffs' counsel and this District Court Judge." Pls.' Mot. at 1. Plaintiffs contend that "in the interest of fairness and to avoid the appearance that any decisions by the district court judge in the above styled case could be influenced by the ongoing litigation," this matter should be transferred to another district court judge. *Id*. Defendants did not file a response to Plaintiffs' Motion to Transfer.

Although not styled as such, Plaintiffs' Motion is effectively a Motion for Recusal. The disqualification of a federal judicial officer is governed by 28 U.S.C. §455, which provides, in pertinent part:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

> (b) He shall also disqualify himself in the following circumstances:

1

> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

28 U.S.C. § 455(a), (b)(1).

In assessing section 455(a) motions for recusal, the D.C. Circuit applies an "objective" standard: "Recusal is required when 'a reasonable and informed observer would question the judge's impartiality.'" *S.E.C. v. Loving Spirit Found., Inc.*, 392 F.3d 486, 493 (D.C. Cir. 2004) (quoting *United States v. Microsoft Corp.*, 253 F.3d 34, 114 (D.C. Cir. 2001), *cert. denied*, 534 U.S. 952 (2001)). Further, a party moving for recusal pursuant to Section 455(a) "must demonstrate the court's reliance on an 'extrajudicial source' that creates an appearance of partiality or, in rare cases, where no extrajudicial source is involved, . . . a deep-seated favoritism or antagonism that would make fair judgment impossible." *Middlebrooks v. St. Coletta of Greater Washington, Inc.*, 710 F. Supp.2d 77, 78 (D.D.C. 2010), *aff'd*, 2011 WL 1770464 (D.C. Cir. Apr. 4, 2011), *cert. denied*, 132 S. Ct. 243 (2011) (citations and internal quotation marks omitted). A party moving for recusal pursuant to Section 455(b) must likewise demonstrate "actual bias or prejudice based upon an extrajudicial source." *Id*. at 79 (citations omitted). Importantly, a judge is not required to recuse him or herself merely because a party files suit against him. *See In re Taylor*, 417 F.3d 649, 652 (7th Cir. 2005) ("There is no rule that requires a judge to recuse himself from a case, civil or criminal, simply because he was or is involved in litigation with one of the parties."); *In re Hipp, Inc.,* 5 F.3d 109, 116 (5th Cir. 1993); *United States v. Watson,* 1 F.3d 733, 735 (8th Cir. 1993); *United States v. Studley,* 783 F.2d 934, 940 (9th Cir. 1986); *United States v. Grismore,* 564 F.2d 929, 933 (10th Cir. 1977).

Plaintiffs have presented no evidence of judicial bias other than the existence of separate litigation involving the undersigned District Court Judge. Nor have Plaintiffs identified any

extrajudicial acts by this Court that demonstrate pervasive bias or prejudice against Plaintiffs. *See Middlebrooks*, 710 F. Supp.2d at 78.  Granting a motion to recuse solely because a party has sued the judge would transform such motions to recuse into vehicles for judge shopping.  *See In re Taylor,* 417 F.3d at 652; *see also United States v. Cooley,* 1 F.3d 985, 993 (10th Cir. 1993) (concluding that section 455 "is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice"). Accordingly, the Court finds Plaintiffs' Motion is without merit.

## CONCLUSION

For the foregoing reasons, the Court shall DENY Plaintiffs' [3] Motion to Transfer.  An appropriate Order accompanies this Memorandum Opinion.

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge