**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 13-1798

ROBERT ALDRICH,

Plaintiff, Appellant,

v.

RAQUEL RUANO,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[William G. Young, U.S. District Court Judge]

Before

Torruella, Howard and Thompson,
Circuit Judges.

Robert Aldrich on brief pro se.

May 23, 2014

**Per Curiam**.  Appellant Robert Aldrich appeals from the Fed. R. Civ. P. 12(b)(6) sua sponte dismissal of his complaint. Aldrich v. Ruano, 952 F. Supp. 2d 295 (D. Mass. 2013).  This complaint named as defendant Raquel Ruano, an attorney who had represented the City of Boston and two City police officers ("the City") in an earlier action that appellant had brought.  The current complaint alleges that, during the trial of this earlier case, Ruano (1) had eavesdropped on and recorded a conference between appellant and his witnesses and (2) had hired a private investigator who also had eavesdropped on these witnesses while serving subpoenas on them.  Appellant avers that, by using the information gained from the foregoing at the prior trial, Ruano influenced the jury to find for the City and, in so doing, violated appellant's First Amendment right of access to the courts, see 42 U.S.C. § 1983; although the complaint also alleges violations of the Sixth Amendment and of various federal and state statutes, appellant makes no developed arguments on appeal concerning the dismissal of these claims, and they have been forfeited.  See National Organization for Marriage, Inc. v. McKee, 669 F.3d 34, 46 n.12 (1st Cir. 2012).

## I.  The Merits

The district court concluded, based on Polk County v. Dodson, 454 U.S. 312 (1981), that Ruano was not acting "under color of state law" within the meaning of § 1983.  In holding, in Polk

County, that a public defender was not so acting when representing a criminal defendant, the Supreme Court focused on the fact that a defender opposes the government, instead of acting on its behalf. Id. at 318-19. Here, in contrast, Ruano, like a prosecutor, was a government lawyer representing government defendants. We need not decide the issue, however, as it is clear that appellant cannot make out a claim for denial of access to the courts.

It is beyond dispute that appellant was aware, during the prior trial, of Ruano's alleged unconstitutional conduct and that he, in fact, argued the issue of her conduct to the court. Thus, having actually had access to a judicial remedy, appellant's claim of the denial of such necessarily fails. See Sousa v. Marquez, 702 F.3d 124, 126 (2d Cir. 2012) (holding that an access-to-courts claim is "not cognizable when the plaintiff had knowledge of the crucial facts and an opportunity to rebut opposing evidence, because such a plaintiff necessarily had adequate access to a judicial remedy"); Swekel v. City of River Rouge, 119 F.3d 1259, 1263 (6th Cir. 1997) ("[w]hen the abuse transpires post-filing, the aggrieved party is already in court and that court usually can address the abuse, and thus, an access to courts claim typically will not be viable"). Given this, the access-to-courts claim is "patently meritless and beyond all hope of redemption," Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001), and the sua sponte dismissal may be affirmed on this ground.

## II.  Motion to Disqualify

Before Judge Young's sua sponte dismissal, appellant submitted a motion requesting that the judge be disqualified from presiding over the case (Judge Young never ruled on the motion). This motion was meritless for two reasons.

First, appellant was required to have shown, regarding Judge Young's adverse rulings in prior cases, that such rulings "display[ed] a deep-seated favoritism or antagonism that would make fair judgment impossible."  Liteky v. United States, 510 U.S. 540, 555 (1994).  Appellant's allegations in this regard, however, are too conclusory and fail to show bias.  As for the fact that Judge Young has been sued by appellant, "[t]here is no rule that requires a judge to recuse himself from a case, civil or criminal, simply because he was or is involved in litigation with one of the parties."  In re Taylor, 417 F.3d 649, 652 (7th Cir. 2005). Recusal thus was not required.

## III.  Conclusion

The judgment of the district court is affirmed.

-4-