CLD-290                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1741
_____

IN RE:  ALTON D. BROWN,
                                        Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 2-07-cv-03771)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 26, 2014
Before:  FUENTES, JORDAN and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 2, 2014)
_____

OPINION
_____

PER CURIAM

        Pro se litigant Alton Brown has filed a petition for a writ of mandamus, requesting

that we order the District Judge to recuse.  For the reasons set forth below, we will deny

the petition.

        Brown filed the underlying case in September 2007, and it has developed a

protracted history.  With respect to the particular petition at bar, Brown alleges that the

District Judge is involved in a wide-ranging conspiracy with lawyers, corrections

officials, and other judges "to deny him due process and equal protection of the laws."

He also claims more generally that the District Judge is biased and prejudiced against him. Brown filed a motion for recusal in February 2014, which the District Court denied. He relies on 28 U.S.C. § 455 to support this petition for a writ of mandamus.[1]

Mandamus is a drastic remedy that is available only in extraordinary situations. See Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976). To qualify for this exceptional relief, a petitioner must prove that his right to issuance of the writ is clear and indisputable. See id. at 403. Brown falls far short of this high bar.

Brown's petition implicates two related subsections of § 455, the statute concerning recusal: subsection (a) requires recusal when a judge's impartiality might reasonably be questioned, and subsection (b) requires recusal when the judge has a personal bias or prejudice concerning a party. Most of the acts Brown cites to demonstrate the District Judge's alleged conspiracy and bias — denying him leave to amend or supplement his complaint, appointing him counsel, and managing discovery, for instance — are examples of prototypical judicial decision making. And mere dissatisfaction with those rulings does not warrant recusal. See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal."). Brown also claims that the District Judge was hostile to him, remarking that he was wasting valuable court resources during discovery proceedings. But even were

---

[1] He also purports to bring the petition pursuant to 28 U.S.C. § 144. But mandamus relief is not available here under § 144, because Brown may still take an appeal from the order denying recusal after final judgment is entered. See In re Sch. Asbestos Litig., 977 F.2d 764, 774-76 (3d Cir. 1992).

this comment made in the most impatient of tones, it would not establish bias sufficient to mandate recusal. See Liteky v. United States, 510 U.S. 540, 555-56 (1994) ("Not establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women . . . sometimes display.).

Brown also seems to suggest that the District Judge must recuse because she is a defendant in one of his several active lawsuits against judges, lawyers, and corrections officials. Again, it is well-established that such a situation does not independently warrant recusal. See Azubuko v. Royal, 443 F.3d 302, 304 (3d Cir. 2006); In re Taylor, 417 F.3d 649, 652-53 (7th Cir. 2005). Lastly, conclusory allegations of conspiracy make up the balance of Brown's petition, but recusal is not required on the basis of "unsupported, irrational, or highly tenuous speculation." In re United States, 666 F.2d 690, 694 (1st Cir. 1981).

Because Brown has not shown that § 455 mandates the District Judge's recusal, he has failed to establish a clear and indisputable right to the mandamus relief he seeks. His petition is denied.