**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 15-4637**

───────────────

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

      v.

KENNETH WAYNE WATFORD, a/k/a Abdul Abrams,

      Defendant - Appellant.

───────────────

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, Senior District Judge. (8:12-cr-00623-PJM-3)

───────────────

Submitted: March 24, 2017                     Decided: May 19, 2017

───────────────

Before DUNCAN, WYNN, and DIAZ, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Gerald C. Ruter, LAW OFFICES GERALD C. RUTER, P.C., Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Sujit Raman, Chief of Appeals, Leslie R. Caldwell, Assistant Attorney General, Sung-Hee Suh, Deputy Assistant Attorney General, James I. Pearce, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Wayne Watford appeals his convictions for conspiracy to commit wire fraud (Count 1), in violation of 18 U.S.C. § 1349 (2012); wire fraud (Counts 2-4), in violation of 18 U.S.C. § 1343 (2012); attempted wire fraud (Count 5), in violation of 18 U.S.C. § 1343; aggravated identity theft (Counts 6, 14), in violation of 18 U.S.C. § 1028A(a)(1) (2012); aggravated identity theft while on pretrial release (Counts 10, 12), in violation of 18 U.S.C. §§ 1028A(a)(1), 3147 (2012); access device fraud while on pretrial release (Count 9), in violation of 18 U.S.C. §§ 1029(a)(2), 3147 (2012); attempted access device fraud while on pretrial release (Count 11), in violation of 18 U.S.C. §§ 1029(a)(2), 3147; and attempted access device fraud (Count 13), in violation of 18 U.S.C. §§ 1029(a)(2), 3147. On appeal, Watford argues that: (1) the district court erred in denying his motion to sever Counts 9-12 from Counts 1-6; (2) the district judge charged with overseeing the trial erred in refusing to recuse himself; (3) the district court erred in denying Watford's motion to suppress evidence seized from a storage locker; (4) the evidence is insufficient to support his convictions for Counts 1-6; and (5) the district court erred in calculating losses for sentencing purposes. We affirm.

Under Fed. R. Crim. P. 8(a), "[w]e review *de novo* the district court's refusal to grant defendants' misjoinder motion to determine if the initial joinder of offenses was proper." *United States v. McLaurin*, 764 F.3d 372, 385 (4th Cir. 2014) (ellipsis omitted) (setting forth Rule 8's requirements). We conclude that, given the nature of the allegations contained in the third superseding indictment, joinder was proper. As to Watford's argument that the district court improperly denied his motion to sever under Fed. R. Crim.

2

P. 14, we conclude that, in light of Watford's conclusory assertion of prejudice, the district court did not abuse its discretion in denying the motion. *United States v. Hornsby*, 666 F.3d 296, 309 (4th Cir. 2012) (providing standard); *United States v. Rhodes*, 32 F.3d 867, 872 (4th Cir. 1994) (stating standard of review).

Next, Watford argues that the district judge erred in denying his motions for recusal, and he points to numerous instances where the judge displayed apparent frustration. The court's comments occurred at hearings conducted over a span of approximately three years and appear at most to be "expressions of impatience, dissatisfaction, annoyance, and even anger," which is insufficient to mandate recusal.[1] *Liteky v. United States*, 510 U.S. 540, 555-56 (1994). We therefore conclude that the district court did not abuse its discretion in denying the motions to recuse. *United States v. Whorley*, 550 F.3d 326, 339 (4th Cir. 2008) (stating standard of review); *see* 28 U.S.C. § 455(a) (2012).

With regard to Watford's argument that the district court erred in denying his motion to suppress evidence seized from his storage locker, "we review the [district] court's factual findings for clear error and its legal determinations de novo." *United States v. Abramski*, 706 F.3d 307, 313-14 (4th Cir. 2013). "Probable cause exists when 'the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found.'" *United States v. Patiutka*, 804 F.3d

---

[1] Although Watford notes that he sued the presiding judge, "[t]here is no rule that requires a judge to recuse himself from a case, civil or criminal, simply because he was or is involved in litigation with one of the parties" because "a per se rule of disqualification would allow litigants to judge shop by filing a suit against the presiding judge." *In re Taylor*, 417 F.3d 649, 652 (7th Cir. 2005).

3

684, 690 (4th Cir. 2015) (quoting *Ornelas v. United States*, 517 U.S. 690, 696 (1996)). Where a defendant challenges the nexus between the location searched and the items to be seized, a sufficient nexus "may be established by the nature of the item and the normal inferences of where one would likely keep such evidence." *United States v. Doyle*, 650 F.3d 460, 471 (4th Cir. 2011).

The affidavit in support of the search warrant application established probable cause. The affidavit described a conspiracy to purchase vehicles using stolen identities that was linked to Watford through the use of his corporations to obtain insurance certificates. The affidavit further detailed how, during an interview with police after his arrest, one of Watford's coconspirators implicated a man named Kenneth in the purchase of a BMW 750LI. When he was arrested, the coconspirator possessed certificates of insurance for two vehicles, including the BMW 750LI, that were purchased by a man claiming to be Z.W., one of the identity theft victims in this case.

Police later tracked down the BMW 750LI at a public library and observed Watford enter the vehicle. After police arrested Watford, officers discovered in the car Z.W.'s credit report, along with paperwork for credit applications in Z.W.'s name and a fake driver's license with Watford's photo and identifying information for a person named Abdul Abrams. In an interview, Watford admitted to assisting in the purchase of the BMW. The affidavit also explained that a search of Watford's apartment uncovered numerous pieces of mail addressed to Watford and Abrams, as well as paperwork demonstrating that

Watford rented a storage unit in Upper Marlboro, Maryland. This information is sufficient to establish a reasonable belief that Watford committed identity theft and fraud.[2]

Moreover, a sufficient nexus existed to support the search warrant for Watford's storage unit. Watford was suspected of committing crimes that are perpetrated almost exclusively through the use of physical documents. Police seized numerous documents in the BMW 750LI connected to Z.W.'s stolen identity, as well as documents at Watford's home connected to Z.W. and Abrams. However, police did not find documents related to a different identity theft victim, E.K., whose identity was used to purchase vehicles on July 19, 2012. It is natural to infer that, if such documents were not at Watford's residence or the vehicle he was using, they would likely be at Watford's storage unit. We therefore hold that the district court properly denied Watford's suppression motion.

Watford next argues that his convictions for Counts 1-6 were not supported by sufficient evidence. "In its assessment of a challenge to the sufficiency of evidence, a reviewing court views the evidence in the light most favorable to the prosecution and decides whether substantial evidence supports the verdict." *United States v. Howard*, 773 F.3d 519, 525 (4th Cir. 2014) (brackets and internal quotation marks omitted) (defining substantial evidence). Our review of the trial testimony leads us to conclude that Watford knew Willis and the other conspirators were using fraudulent information to obtain vehicles

---

[2] The three alleged deficiencies cited by Watford fail to undermine the validity of the search warrant or the existence of probable cause. The first, relying on a co-conspirator's implication of "a man named Kenneth" makes sense in the context of the affidavit, and the other two were scrivener's errors.

and that Watford assisted those individuals in obtaining and transmitting the information and documentation necessary to obtain vehicles using stolen identities. *See United States v. Kuhrt*, 788 F.3d 403, 414 (5th Cir. 2015) (setting forth elements of conspiracy to commit wire fraud), *cert. denied*, 136 S. Ct. 1376 (2016). There was therefore sufficient evidence to convict Watford for Count 1, conspiracy to commit wire fraud.

We also conclude that sufficient evidence established Watford's guilt for Count 6, which charged him with aggravated identity theft. *See United States v. Adepoju*, 756 F.3d 250, 256 (4th Cir. 2014) (stating elements of offense). With regard to Counts 2-5, Watford fails to develop any arguments for his assertion that the evidence did not support those counts. *See* Fed. R. App. P. 28(a)(8) (providing that argument section of brief "must contain . . . appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"). Thus, Watford has waived his sufficiency-of-the-evidence argument on those counts. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 653 n.7 (4th Cir. 2006) (concluding that a single, conclusory remark in a brief is insufficient to constitute argument).

Finally, Watford argues that the district court erred in calculating the intended loss as more than $400,000 but less than $1,000,000 for the purposes of sentencing. Regardless of whether error occurred, any error is harmless. *See United States v. McDonald*, __ F.3d __, __, No. 15-4682, 2017 WL 937469, at *2 (4th Cir. Mar. 9, 2017) (discussing assumed error harmlessness inquiry). First, the district court determined that it would have imposed the same 135-month prison sentence regardless of any error in calculating the Sentencing Guidelines range applicable to Watford. Second, the district court thoroughly addressed

6

the relevant 18 U.S.C. § 3553(a) (2012) factors and explained its reasoning for imposing the 135-month sentence, focusing primarily on the severity of the crime and Watford's repeated and serious acts of fraud. Under these circumstances, we cannot conclude that the sentence imposed is unreasonable.

Accordingly, we deny Watford's pro se motions and affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*